UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AROR-ARK ARK O'DIAH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 25-cv-4195 (JMC) |

### MEMORANDUM OPINION

Plaintiff Aror-Ark Ark O'Diah has filed yet another suit in this district, reiterating allegations of a wide-ranging conspiracy against him. ECF 1; *O'Diah v. Moss*, No. 24-cv-2736 (ACR) (dismissed on June 12, 2025); *O'Diah v. DOJ*, No. 25-cv-2220 (TSC) (dismissed on September 25, 2025); *O'Diah v. U.S. Small Business Admin.*, No. 25-cv-3657 (TJK) (dismissed on November 12, 2025). Plaintiff alleges that dozens of Defendants, including public officials and private businesses, colluded to deprive him of his constitutional rights, and that he is entitled to $400 billion in damages. ECF 1 at 16–19. Several Defendants have moved to dismiss, arguing in part that the allegations fail to state a claim. *See* ECF 6, 9, 11, 13, 16, 17, 21, 24, 27, 28, 29. Because the Court finds that Plaintiff's claims are "patently insubstantial," it will sua sponte dismiss the case for lack of subject-matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009).

Federal courts are courts of limited jurisdiction and must presume that a case lies outside of their jurisdiction unless a party shows otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court's jurisdiction does not extend to claims that are "absolutely devoid of merit, wholly insubstantial, or obviously frivolous." *Williams v. Davis*, No.

1

22-cv-2178, 2022 WL 3585650, at *1 (D.D.C. Aug. 22, 2022). Claims are patently insubstantial if they are "essentially fictitious" or advance "bizarre conspiracy theories." *Id*. While pleadings filed by pro se litigants are construed liberally, it is clear that Plaintiff's complaint, even construed generously, falls into this category of suits. *See Urban v. United Nations*, 768 F.2d 1497, 1499 (D.C. Cir. 1985) ("While the actions [filed by Plaintiff] have named a diverse group of defendants, they each share common attributes: irrationality, incoherence and a complete lack of any substantive allegations over which this court might maintain jurisdiction."). For example, Plaintiff accuses multiple federal judges of using "deceits, deceptions, fraud and inhumane lies via fraudulence concealment and coverup" to deprive Plaintiff of "the pursuit of HAPPINESS, access to COURTS NATIONWIDE, LIFE, FREEDOM OF MOVEMENT, ASSOCIATIONS, ASSEMBLY, LIBERTY, PROPERTIES, SUBSTANTIVE DUE PROCESS, DUE PROCESS, CONDUCT PRIVATES BUSINESSES, EXERCISES OF FREE SPEECH, AND FREEDOM OF EXPRESSION." ECF 1 at 5.

Additionally, the Court notes that Plaintiff is well-known in this district and in other jurisdictions as a vexatious and frivolous litigant. Another federal court has already described how Plaintiff has filed nearly 100 cases around the country. *O'Diah v. U.S. Small Bus. Admin.*, No. 22-cv-4685, 2022 WL 2279765, at *1 n.1 (S.D.N.Y. June 14, 2022). The Eastern District of New York has already enjoined Plaintiff from filing future lawsuits without first obtaining leave of court. *O'Diah v. City of New York*, No. 08-cv-1646, 2008 WL 1968303, at *2 (E.D.N.Y. Apr. 30, 2008) (enjoining plaintiff from filing future lawsuits "based upon the same facts and issue dating from November 6, 2002 to November 13, 2007"); *O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05-cv-5297, 2012 WL 113551, at *3 (E.D.N.Y. Jan. 11, 2012) (enjoining plaintiff from "commencing

any new action or proceeding in any tribunal against any individual who has encountered him in any capacity in litigation in this Court").

In light of the many suits Plaintiff has filed in this district, the Court will now consider whether it is appropriate to impose a pre-filing injunction. Multiple Defendants have filed a motion for a pre-filing injunction alongside their motion to dismiss. ECF 9; ECF 11; ECF 27; ECF 29. Before imposing such an injunction, the Court "must provide notice and the opportunity to be heard," "develop a factual record, and make substantive findings as to the frivolousness of numerous actions and any pattern constituting harassment." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 50 (D.D.C. 2013); *In re Yelverton*, 526 B.R. 429, 432 (D.D.C. 2014). The Court will begin by providing Plaintiff with "notice and . . . an opportunity to be heard on the matter of whether a pre-filing injunction should issue." *Caldwell*, 6 F. Supp. 3d at 50. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by **February 12, 2026**:

- Why the Court should not issue an injunction barring Plaintiff from filing any civil action in this court without first obtaining leave of court. If a pre-filing injunction is imposed, any new suit that Plaintiff brings must be accompanied with a certification that Plaintiff's claim or claims are new claims never before raised and disposed of on the merits by any federal court and affixed with the order of this Court.

- Plaintiff's response to the show cause order shall be limited to 10 pages double spaced, using 12-point font. Footnotes are not permitted. No recitation of the facts is necessary, except to the extent required to answer the above question.

For the foregoing reasons, the Court **DISMISSES** this case sua sponte for lack of subject-matter jurisdiction because the claims in the Complaint are patently insubstantial. Plaintiff is also **ORDERED TO SHOW CAUSE** by **February 12, 2026** addressing why the Court should not

3

4

issue an injunction barring Plaintiff from filing any civil action in this or any other federal court without first obtaining leave of that court. A separate order will issue.

    **SO ORDERED.**

                                                                          _____

                                                                          JIA M. COBB
                                                                          United States District Judge

Date: January 13, 2026